UNITED STATES of America,
Plaintiff—Appellee,

v.

Jerald Lavelle JOHNSON, Defendant—Appellant.

No. 02–10459.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 27, 2004.

Gregory J. Damm, Camille Damm, Esq., Kimberly M. Frayn, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

David Allen Nickerson, Esq., San Rafael, CA, Stanley A. Walton, Robert Archie & Associates, Las Vegas, NV, for Defendant–Appellant.

Before: FERGUSON, REINHARDT, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jerald Lavelle Johnson ("Johnson") appeals from his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He challenges the district court's (1) admission of evidence relating to a state court probation revocation hearing arising out of the same events as the federal case, (2) jury instructions, and (3) application of an armed career criminal sentencing enhancement. We affirm the district court's evidentiary ruling and jury instruction. However, we vacate Johnson's sentence and remand for re-sentencing without an armed career criminal enhancement.[1]

### I

■ Johnson argues that the district court abused its discretion in allowing testimony that he was charged in a state court probation revocation hearing as a result of the same incident that led to his prosecution in federal court. However, all references to the state court hearing were vague and directed towards impeaching the credibility of Johnson's girlfriend for failing to come forward sooner with allegedly relevant evidence. Moreover, it was defense counsel who initially inquired about the state court hearing when he asked Officer Leon during cross-examination if he had testified in state court as well as in federal court. Because this testimony was relevant and only minimally prejudicial, we conclude that the district court did not abuse its discretion in permitting these references to the prior state court hearing.

### II

■ Next, Johnson argues that the district court's "firearm and/or ammunition" jury instruction created the risk of a non-unanimous verdict because it allowed some jurors to convict on the basis of the firearm and others to convict on the basis of the ammunition. However, a jury instruction cannot be considered in isolation; it should be considered "in the context of the overall charge." *United States v. Harrison*, 34 F.3d 886, 889 (9th Cir.1994). Here, the verdict form clearly required the jury to find that Johnson possessed the firearm *and* ammunition. *See United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir.1998) (equating a verdict form with a jury instruction). Furthermore, when the court polled the jury, each juror confirmed that the verdict represented his/her own "true verdict." In addition, the evidence connecting Johnson with the firearm in question (and the thirty rounds of ammunition found inside) was substantially stronger than the evidence connecting him to the eleven rounds of ammunition in the closet. These circumstances convincingly demonstrate that the jury did, in fact, reach a unanimous verdict: Johnson possessed the firearm *and* at least the thirty rounds of ammunition found in the firearm. Therefore, although the district court's "firearm and/or ammunition" instruction may have been ambiguous, we conclude that it ultimately did not result in any prejudice to Johnson.

### III

Finally, Johnson argues (and the government concedes) that the district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

erred in applying the armed career criminal sentencing enhancement because only two of his prior convictions qualified as serious drug offenses. *See* 18 U.S.C. § 924(e) (requiring "three previous convictions ... [for] a serious drug offense"). We agree and vacate Johnson's sentence and remand for re-sentencing without an armed career criminal enhancement.

\* \* \* \* \* \*

Accordingly, we affirm Johnson's conviction. However, we vacate Johnson's sentence and remand for re-sentencing.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.